UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WANDA STEWART** | : | **DOCKET NO. 17-cv-1122** |
| | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SEARS, ROEBUCK & CO.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 18] filed by defendant Sears, Roebuck and Co. ("Sears") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Wanda Stewart, who is proceeding *pro se* in this matter, opposes the motion through an untimely response.[1] Doc. 24.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 18] be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

I.
BACKGROUND

Stewart previously filed a civil rights suit in this court against Sears on December 13, 2016. *Stewart v. Sears* ["*Stewart I*"], No. 2:16-cv-1710 (W.D. La. Aug. 9, 2017). In the amended

---

[1] Sears filed a reply to its own motion before this response was received, noting the lateness of Stewart's opposition and briefly reasserting the merits of its motion. Doc. 23. Since Stewart's opposition was filed, Sears has not filed anything opposing this court's consideration of it. Accordingly, we will consider the arguments raised in the response, despite Stewart's failure to comply with the timelines set forth in our Notice of Motion Setting. *See* doc. 22.

complaint of *Stewart I*, she alleged that Sears had misappropriated her wages and then subjected her to a hostile work environment, harassed her, and intimidated her for reporting that misappropriation.[2] *Id.* at doc. 6, pp. 4–5. On August 7, 2017, Stewart executed a confidential settlement agreement in which, in exchange for valuable consideration, she agreed to dismiss her claims against Sears, with prejudice, and to irrevocably and unconditionally release all claims against Sears from any conduct occurring up to the date of that agreement, "including without limitation any claims incidental to or arising out of [Stewart's] employment with SEARS, or the cessation thereof."[3] Doc. 21, pp. 3–4. Stewart also agreed that she would resign from her employment at Sears and would not be eligible for rehire thereafter. *Id.* at 4. On August 9, 2017, Stewart and Sears filed a joint stipulation of dismissal with prejudice in *Stewart I*, and the case was administratively terminated. No. 2:16-cv-1710 at doc. 14.

On September 6, 2017, Stewart filed this civil rights complaint against Sears. Doc. 1. Here she again alleges harassment and intimidation following her reports of misappropriated wages and adds that she has been discriminated against and harassed because of her race and gender from during the period of her employment until June 2017. *Id.* at 4–5. She seeks damages in the amount of $85,000. *Id.* at 6.

Sears now brings this motion to dismiss, arguing that Stewart's civil rights claims are barred by the settlement agreement and the doctrine of *res judicata*, and that any claims brought under § 1983 are without merit because Sears is not a state actor. Doc. 18. Stewart opposes the motion and alleges that Sears has breached the settlement agreement by giving her the wrong amount in her settlement check. Doc. 24.

---

[2] Although she filed her complaint on a standard civil rights complaint form, Stewart did not allege any specific civil rights violations. *See Stewart I*, No. 2:16-cv-1710 at doc. 6.
[3] This release explicitly excluded (1) any claims Stewart might make under state workers' compensation or unemployment laws; and (2) any rights which by law she cannot waive. Doc. 21, p. 4.

# II.
## LAW & ANALYSIS

### A. Motion to Dismiss Standards

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. A motion under Rule 12(b)(6) alleges that the plaintiff has failed to state a claim upon which relief may be granted. A court must address a jurisdictional challenge under Rule 12(b)(1) before addressing a merits challenge under Rule 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The burden on a Rule 12(b)(1) motion lies with the party seeking to invoke the court's jurisdiction. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999). In reviewing such a motion, the court must first determine whether it presents a facial or factual attack on jurisdiction. *Braatz. LLC v. Red Mango FC, LLC*, 642 Fed. App'x 406, 409 (5th Cir. 2016). Because this motion is supported by evidence outside of the pleadings, it is a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "[W]hen a defendant makes a factual attack[,] no presumptive truthfulness attaches to plaintiff's allegations." *Eagle TX I SPE, LLC v. Sharif & Munir Enters., Inc.*, 602 Fed. App'x 576, 578 (5th Cir. 2015) (internal quotations omitted). Instead, the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence and is "obliged to submit facts through some evidentiary method" to sustain her burden of proof. *Superior MRI Svcs., Inc. v. Alliance Healthcare Svcs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

On review of a 12(b)(6) motion, on the other hand, the court accepts all well-pleaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *Doe v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc). To survive dismissal, a plaintiff "must plead enough facts to state a claim [for] relief that is plausible on its face." *Id.* (quotations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). On its review, the court is generally confined to the pleadings but may consider documents the defendant attaches to his motion if they are referred to in the complaint and are central to the plaintiff's claims. *Id.* (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)). It may also consider matters of public record. *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

### B. Application

#### 1. Rule 12(b)(1) Motion

In its Rule 12(b)(1) motion, Sears alleges that Stewart lacks standing to bring her civil rights claims because she has waived those claims under her release. Doc. 18, pp. 7–8. Stewart makes no response to this argument and instead alleges that Sears has withheld a portion of her settlement. Doc. 24.

As noted above, a motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over a case. A suit is properly dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). Accordingly, "the issue of standing is one of subject matter jurisdiction." *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' . . . ; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Svcs. (TOC), Inc.*, 120 S.Ct. 693, 704 (2000).

Sears relies on *Voss Law Firm, P.C. v. Rare Coin Wholesalers, Inc.*, 2011 WL 2837616 at *2 (S.D. Tex. Jul, 18, 2011), where the court held that redressability element of the standing test above could not be met after it determined that the plaintiff's claims were foreclosed by the unambiguous terms of a settlement agreement. We dispute the *Voss* court's reading of the redressability element, which is not an inquiry into the existence of any potential defenses against an action but instead a question of whether the relief sought can remedy the injury alleged. *See Steel Co. v. Citizens for a Better Environ.*, 118 S.Ct. 1003, 1018–19 (1998) (in an environmental group's suit against a steel manufacturer, finding redressability element not satisfied because "[n]one of the specific items of relief sought, and none that we can envision as 'appropriate' under the general request, would serve to reimburse respondent for losses caused by the late reporting, or to eliminate any effects of that late reporting upon the respondent.") Sears does not allege that Stewart's requested remedy – monetary damages – would not, if granted, compensate her for the civil rights violations alleged. Thus, its challenge to standing is without merit and Sears provides no basis for granting the motion to dismiss based on lack of subject matter jurisdiction.

### 2. *Rule 12(b)(6) Motion*

Sears argues that Stewart fails to state a claim on which relief may be granted in her race and gender discrimination allegations, as she has filed her complaint on a standard civil rights complaint form and indicated that she is proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971). *Bivens* authorizes actions against federal officials for violations of constitutional rights, in an extension of the right of action against state actors for such violations under 42 U.S.C. § 1983. *See Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980). Accordingly, Sears maintains that Stewart's claims are meritless because Sears is not a state or federal official. However, in light of Stewart's pro se status, we construe her allegations

liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Therefore we surmise that she intended to raise these claims under the Equal Pay Act and/or Title VII of the Civil Rights Act rather than *Bivens* or § 1983, and note that she cited Title VII as part of her retaliation claim. *See* doc. 1, p. 4.

Under whatever law she raises them, however, Stewart's civil rights claims are barred by the doctrine of *res judicata*. Generally, a party cannot base a 12(b)(6) motion on *res judicata* and must raise it instead as an affirmative defense. *Moch v. East Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977). However, it is well-established that the court may consider matters of public record, exhibits attached to the complaint, and items appearing in the record of the case in evaluating a Rule 12(b)(6) motion. *Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 661 (E.D. Tex. 2000) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.2d 1015, 1017 (5th Cir. 1996)); *see also Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n. 14 (5th Cir. 1997) (court may take judicial notice of contents of public records in considering a 12(b)(6) motion). Accordingly, it is generally accepted that after taking judicial notice of records of the prior proceedings, the court may evaluate a claim of *res judicata* and use it as a basis for granting 12(b)(6) motion as long as it does not exceed the scope of the rule in its consideration of the motion. *Hall v. United States*, 2008 WL 276397 at *3 (E.D. Tex. Jan. 30, 2008) (citing *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL 295863, at *6 n. 13 (5th Cir. 1995) (unpublished)); *see Murry v. Gen. Servs. Admin.*, 553 Fed. App'x 362, 364 (5th Cir. 2014) (unpublished) (citing *Kan. Reinsur. Co. v. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)) ("Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings."); *Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 410 (5th Cir. 2013) (unpublished) (quoting *Clifton*, 53 F.3d 1280, 1995 WL 295863, at *6 n. 13) ("When all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of *res judicata*] may be

upheld on a Rule 12(b)(6) motion without requiring an answer."); *see also Landor v. Lafayette Consol. Gov't*, 126 F.Supp.3d 761, 766–67 (W.D. La. 2015); *Kennedy v. Pfizer Corp.*, 2014 WL 4092479 at *2 (W.D. La. Aug. 13, 2014).

Pursuant to Federal Rule of Evidence 201, we now take judicial notice of all publicly filed documents from the parties and the court in *Stewart I* for the purposes of this 12(b)(6) motion. We do not consider *res judicata* based on the settlement agreement itself, however, as it was only attached as an exhibit to this motion and is therefore outside of the scope of Rule 12(b)(6).

Stewart now complains of the same actions by Sears on which she based her claims in *Stewart I*, but she alleges that the discrimination was based on her race and gender and that it occurred from the beginning of her employment until June 2017.[4] *Compare* doc. 4 *with Stewart I*, No. 2:16-cv-1710 at doc. 6.

After a final judgment in favor of a defendant, the doctrine of *res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based on the same event, even if the plaintiff asserts additional facts or proceeds under a different legal theory. *Mock v. Epps*, 2006 WL 1050534 at *1 (N.D. Miss. 2006) (citing *Brown v. Felsen*, 99 S.Ct. 2205, 2209 (1979)). This doctrine extends to all claims "that were **or could have been** advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (emphasis in original; citation omitted). Accordingly, all theories of remedy or recovery must, on pain of preclusion, be joined in a civil rights action arising out of a given transaction or relationship. *See id.* at 561–62.

As the Fifth Circuit has explained:

> Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must

---

[4] Stewart's amended complaint in *Stewart I* was also asserted as a civil rights action, even though she did not name the specific types of discrimination she was experiencing.

-7-

>have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."

*Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). Here there is no dispute as to the first three elements, despite the fact that the case was administratively closed after the joint stipulation of dismissal: the parties in *Stewart I* and this matter are identical; neither party has challenged our jurisdiction over the matter; and the dismissal of the case with prejudice was a final judgment on the merits, despite the lack of a formal judgment or order from the district court.[5]

In order to determine whether the fourth factor is satisfied, we apply the "transactional test." *Nilsen*, 701 F.2d at 560. Under this test, a prior judgment's preclusive effect extends to all rights of the plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). (alteration omitted). "The critical issue . . . is whether the two actions are based on the same common nucleus of operative facts." *Id.* (quotations omitted).

In this action Stewart raises the same harassment and wage misappropriation allegations made in *Stewart I*. The only differences we can see between the two complaints is that the grounds of discrimination are specifically alleged in this action, and Stewart asserts her claims with more specificity and maintains that the harassment continued until June 2017, **before** the parties filed their joint stipulation of dismissal with prejudice. Accordingly, these allegations appear to be nothing more than additional facts and narrowed legal theories in support of Stewart's same claims against her former employer, and any subsequent wrongs alleged in this suit are clearly part of the

---

[5] *See In re West Texas Marketing Corp.*, 12 F.3d 497, 500–02 (5th Cir. 1994) (stipulation for dismissal with prejudice, filed by taxpayer and IRS pursuant to settlement agreement, was a final resolution of all issues arising from their tax claims entitled to *res judicata* effect, despite the fact that the bankruptcy court never issued a final judgment after stipulation was filed).

same series of transactions (that is, Sears's allegedly harassing and retaliatory conduct and improper withholding of wages). Furthermore, because the claims raised in this action occurred while *Stewart I* was pending, they could have, and should have, been raised in *Stewart I*. Thus, all claims in this matter are barred by the doctrine of *res judicata* and must be dismissed with prejudice.

### 3. Breach of settlement agreement allegations

Finally, Stewart asserts in her opposition to this motion that Sears has failed to pay her the total amount she is due under the settlement agreement. Doc. 24. She has not sought to amend her complaint to raise these claims and so they are not properly before the court.

## III.
### CONCLUSION

Based on the above, Stewart fails to state a claim on which relief may be granted because the claims raised in this suit are barred by the doctrine of *res judicata*. It is thus **RECOMMENDED** that the Motion to Dismiss [doc. 18] be **GRANTED** and that the instant action be **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE